# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant ALEXIS S. PERRY**
**United States Army, Appellant**

ARMY 20170043

Seventh Army Training Command
Joseph Keeler, Military Judge
Colonel Eugene Y. Kim, Staff Judge Advocate

For Appellant:  Major Todd W. Simpson, JA; Captain Heather M. Martin, JA (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Major Hannah E. Kaufman, JA; Captain Jessika M. Newsome, JA (on brief).

21 December 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of one specification of dereliction of duty, two specifications of false official statement, and one specification of larceny, in violation of Articles 92, 107, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, 921 (2012) [UCMJ].  The panel sentenced appellant to a bad-conduct discharge, confinement for sixty days and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

Appellant's case is now before us for review pursuant to Article 66, UCMJ. Appellant raised two assignments of error, one of which merits discussion and relief. Appellant also personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We have reviewed these matters and they do not merit discussion or relief.

## DISCUSSION

The government charged appellant with making a false official statement on 12 June 2014, a violation of Article 107, UCMJ, for listing Alexandra Perry as his wife on block 12 of Dept. Of Def., Form 1352-2, Travel Voucher or Subvoucher, (May 2011), when appellant had been divorced from her. Appellent asserts that the evidence relied upon by the government is insufficient because the words on the travel voucher listing her as his wife had a line drawn through them indicating they were deleted:

Reviewing the available evidence, to include our assessment of the handwriting in the margin explaining the basis for the strikethrough and the common knowledge of how Army travel vouchers are processed in the course of a permanent change of station, we adopt the analysis in appellant's brief that the evidence is factually and legaly insufficient to sustain a conviction.

First, we find as fact that appellant lined through any claim that he was married on this form prior to submitting the form. As appellant's statement that he was married was not an "official statement" until he submitted the form to the Army, appellant did not make an official statement claiming that Ms. Perry was his wife. Second, we find by striking though the claim that Ms. Perry was his wife, appellant did not have the intent to decieve.

## CONCLUSION

Accordingly, the finding of guilty of Specification 4 of Charge I is set aside and dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.



FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court